UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:  MIRABILIS VENTURES, INC.
Bankruptcy Case No. 6:08-BK-4327-KSJ
Adversary Case No.:  6:08-ap-00228-KSJ
_____

MIRABILIS VENTURES, INC.,

    Plaintiff,

vs.                                                  Case No.:  6:09-cv-176-Orl-31

JAMES MOORE & COMPANY, P.L.,
E. JAMES HUTTO,

    Defendants.
_____/

### DEFENDANT, E. JAY HUTTO'S ANSWER AND AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Defendant, E. JAY HUTTO, an individual, hereby files his Answer to Plaintiff MIRABILIS VENTURES, INC.'S ("MVI") Second Amended Complaint, and asserts Affirmative Defenses as follows:

1.    This Defendant denies this Court has subject matter jurisdiction over this action and asserts that subject matter jurisdiction properly rests in District Court.  This Defendant has previously moved to Withdraw the Automatic Reference and have this matter transferred to District Court and continues to make such assertion with the filing of the Second Amended Complaint.

2.    This Defendant denies that he is subject to the personal jurisdiction of this Court on the basis such jurisdiction is properly before the District Court.  This Defendant has previously moved to Withdraw the Automatic Reference and continues to assert with the filing of the Second Amended Complaint that personal jurisdiction is appropriate in the District Court.

3. This Defendant admits that venue is appropriate in the Middle District. However, this Defendant asserts that this matter should be pending before District Court and not Bankruptcy Court for the reasons set forth above.

4. This Defendant denies that this action is a core proceeding.

5. Upon information and belief, this Defendant admits that MVI is a Nevada corporation, with its principal place of business located at 341 North Maitland Avenue, Suite 210 in Maitland, Florida.

6. Admitted, with the exception that James Moore & Co., PL is a limited liability company, not a corporation.

7. Admitted, with the exception that Mr. Hutto is not technically a partner of the LLC.

8. Denied.

9. Without knowledge.

10. Without knowledge.

11. Without knowledge.

12. Without knowledge.

13. Without knowledge.

14. Without knowledge.

15. Without knowledge.

16. Without knowledge.

17. Without knowledge.

18. Without knowledge.

19. This Defendant cannot admit or deny paragraph 19 as framed. The wording of paragraph 19 does not sufficiently allow this Defendant to understand the allegations set forth therein.

20. Without knowledge.

21. Without knowledge.

22. Without knowledge.

23. Without knowledge.

24. Without knowledge.

25. Without knowledge.

26. Without knowledge.

27. Without knowledge.

28. Without knowledge.

29. Without knowledge.

30. Admitted to the extent that both the 2004 and 2005 years were audited. However, the 2004 audit was not requested until 2006.

31. Denied as phrased.

32. Denied.

33. Denied.

34. Upon information and belief, denied.

35. This Defendant admits James Moore & Co., P.L. received financial payment for audit work performed on behalf of Mirabilis.

36. Without knowledge.

37. Without knowledge.

38. Without knowledge.

39. Without knowledge.

40. Without knowledge.

41. Without knowledge.

42. Without knowledge.

43. Without knowledge.

44. Without knowledge.

45. Without knowledge.

46. This Defendant asserts his prior responses to paragraphs 1 – 45.

47. Admitted in part and denied in part. An accountant/client relationship existed during such time as this Defendant was engaged to perform auditing services with Mirabilis. That accountant/client privilege was specifically restricted to the specific accounting services which this Defendant was engaged to perform. At no time was there a "general" accountant/client privilege between this Defendant and MVI.

48. This Defendant admits that with respect to any and all accounting services provided to MVI he had a duty to perform such within the acceptable standard of care. Said standard of care was met or exceeded by this Defendant.

49. Denied.

50. Denied.

51. This Defendant reasserts his prior responses to paragraphs 1 -45.

52. Denied.

53. Denied.

54. Denied.

55. This Defendant reasserts his prior responses to paragraph 1 – 45.

56. This Defendant admits that the title of Count III is for negligent misrepresentation. This Defendant denies that any negligent misrepresentation occurred.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. This Defendant reasserts his prior responses to paragraphs 1 – 45.

62. This Defendant admits that the title of Count IV indicates it is based in professional negligence.  This Defendant denies that any professional negligence occurred.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. This Defendant reasserts his prior responses to paragraphs 1 -45.

68. There is no paragraph 68 included within the Second Amended Complaint.

69. This Defendant admits that Count V is titled Negligent Supervision (against Moore). This Defendant denies that any such negligent supervision occurred.

70. Denied as phrased.

71. Denied.

72. Denied.

**73.   This Defendant demands trial by jury**

## **AFFIRMATIVE DEFENSES**

1. The claims set forth in the Second Amended Complaint are barred by the applicable statute of limitations.

2. The claims set forth in the Second Amended Complaint are barred by the defense of *in pare dilecto*. MVI was apparently engaged in a fraudulent and/or illegal enterprise with respect to the non payment of federal payroll taxes and cannot maintain a lawsuit against this Defendant which relates to this improper, illegal, and deceitful conduct.

3. The damages set forth in the Second Amended Complaint were caused by individuals or entities over whom this Defendant has no control. As such, this Defendant is not legally responsible for said damages, or alternatively, responsible for his pro rata share.

4. The allegations set forth in the Second Amended Complaint are barred under the Doctrine of Unclean Hands.

5. The allegations set forth in the Second Amended Complaint are barred by the operation of collateral and/or judicial estoppel.

6. The allegations set forth in the Second Amended Complaint are barred by the operation of laches.

7. The damages complained of in the Second Amended Complaint were caused by MVI's own negligence. As such, any damages sought against this Defendant should be reduced in whole or in part by the amount of comparative negligence which exists.

8. MVI failed to mitigate its damages. As such, any damages sought against this Defendant should be reduced in whole or in part by the amount of said failure to mitigate.

9. This Defendant asserts that jurisdiction is not appropriate in the Bankruptcy Court based upon the nature of the allegations set forth in the Second Amended Complaint and also in


connection with this Defendant's demand for trial by jury.  This Defendant asserts that jurisdiction is appropriate in District Court and Motions to Withdraw the Automatic Reference have previously been filed.

10. This Defendant is entitled to any and all set offs for any and all collateral sources paid or payable.

11. This Defendant is entitled to the protections of all state and federal statutes with respect to the operation or lack thereof of joint and several liability.

12. This Defendant asserts that a complete and thorough investigation of a potential claim against it was not made in good faith prior to bringing this action.  As such, this Defendant asserts that he should be allowed to recover attorney's fees and all costs caused by the necessity of defending the Second Amended Complaint in light of this failure to investigate.

13. This Defendant asserts that Plaintiff should not be allowed to collect any pre judgment interest as no liquidated damages were reflected in the Second Amended Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to the following via the ECF filing system this 12th day of October, 2009 to: U.S. Trustee, 135 West Central Boulevard, Orlando, FL  32801; Scott Shuker, Esquire, Latham Shuker Eden & Beaudine LLP, 390 North Orange Avenue, Suite 600, Orlando, FL  32751 and Jennifer Eden, Latham Shuker Eden &

Beaudine LLP, 390 North Orange Avenue, Suite 600, Orlando, FL 32751.

<div style="text-align: right;">

s/CHARLES J. MELTZ, ESQUIRE
CHARLES J. MELTZ, ESQUIRE
Florida Bar No. 985491
cjmeltz@growerketcham.com
JEANELLE G. BRONSON
Florida Bar No. 266337
jgbronson@growerketcham.com
Grower, Ketcham, Rutherford, Bronson,
Eide & Telan, P.A.
PO Box 538065
Orlando, FL 32853-8065
Phone: (407) 423-9545
Fax:    (407) 425-7104
Attorney for Defendants, JAMES MOORE &
CO., P.L. and E. JAY HUTTO, an individual

</div>